UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-163-H

RICHARD W. CAREY, derivatively and
on behalf of ALMOST FAMILY, INC.                                    PLAINTIFF

v.

WILLIAM B. YARMUTH, STEVEN B. BING,
DONALD G. McCLINTON, TYREE G. WILBURN,
JONATHAN D. GOLDBERG, W. EARL REED, III,
and HENRY M. ALTMAN, JR.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, William B. Yarmuth and others, have moved to dismiss or stay this federal action on the grounds that the same claims have been asserted in four previously filed state court cases. Defendants argue that this Court should abstain under the rule in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976*).*

These lawsuits have their origin with the Wall Street Journal article in April 2010 which raised questions about Almost Family's reimbursement practices. Subsequently, in July the same year, the Securities and Exchange Commission began an investigation. In July 2010, four state court actions were filed in Jefferson Circuit Court. In August these cases were consolidated. However, thus far it appears that little else has occurred. In November 2010, counsel in this case and other counsel filed four cases in this Court, some of which allege federal securities violations and one of which alleges state law claims similar to those here. The lawsuit filed by instant counsel was subsequently dismissed based on the absence of diversity jurisdiction. The federal security cases were consolidated and continue in this Court. In March

2011, the instant counsel filed this action in federal court.

Under *Colorado River*, a federal court may decline to exercise jurisdiction or postpone the exercise of it where parallel federal and non-federal proceedings exercise contemporaneous jurisdiction and where considerations of judicial administration, use of judicial resources and federal-state comity balance in favor of abstention. *Id.* at 817-18; *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).[1]

Both the federal and state actions allege identical state law claims for breach of fiduciary duty, unjust enrichment and waste of corporate assets. Although the federal complaint in this Court does contain more specific factual allegations supporting these claims, the legal allegations are identical. They cover the same time period, involve precisely the same types of Plaintiffs and would require precisely the same discovery. The Court concludes, therefore, that these are parallel actions.

Where parallel actions are proceeding in state and federal court, this Court should review the following factors to determine whether abstention is warranted:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction.

*See Romine*, 160 F.3d at 340-41 (citing *Colorado River,* 424 U.S. at 818-19; *Moses H. Cone*

---

[1] The *Romine* case is somewhat similar to ours. The district granted defendant's motion to stay the federal action pending resolution of a state court action which alleged identical federal claims as well as additional state law claims. The Court of Appeals held that the cases were sufficiently parallel to warrant abstention analysis and that abstention was not an abuse of discretion.

*Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 21-28 (1983); and *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978).)

The first two factors marginally counsel against abstention. There is no special property over which the state court might assume jurisdiction. In addition, the federal forum is no less convenient for the parties than a state forum. The remainder of the analysis, however, strongly supports abstention. No doubt some overlap and piecemeal litigation could be avoided by this Court declining to pursue the same claims already at issue in the state courts. This is particularly true where the state law claims were asserted first in state court and all the claims are entirely based on state law. These are two important factors in the abstention analysis. *Id.* at 342. Moreover, it is important that no federal claims are pending in the federal case in which Defendants seek abstention. *See Moses H. Cone,* 460 U.S. at 26.[2] Even though the state court cases do not appear to have progressed far, there is no reason why the state courts cannot handle this matter and adequately protect a non-resident plaintiff.[3] The state law claims involve similar facts and vastly different legal issues than the federal securities cases already proceeding this Court. Regardless of the current motions, cases will proceed in several courts.

The decision here may be somewhat closer than that in *Romine*. On balance, however, the Court is persuaded that it should abstain from the state law claims in this Court for the time being. However, because the Court cannot determine whether the state court claims will proceed expeditiously, the appropriate remedy is to stay, rather than to dismiss.

---

[2] In *Romine*, federal claims were pending in the case which defendants sought abstention.

[3] In *Romine*, the court considered the more advanced progression of the state cases to "weigh strongly in favor" of abstention. *Romine*, 160 F.3d at 342.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for abstention is SUSTAINED and this case is STAYED until the date of a conference to be set by this Court or until further order of this Court.

cc: Counsel of Record